Dennis F. Moss (State Bar No. 77512)
dennisfmoss@yahoo.com
H. Scott Leviant (State Bar No. 200834)
scott@spiromoss.com
Linh Hua (State Bar No. 247419)
linh@spiromoss.com
**SPIRO MOSS LLP**
11377 W. Olympic Blvd., 5th Floor
Los Angeles, California 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

Joseph Lavi (SBN 209776)
jlavi@lelawfirm.com
N. Nick Ebrahimian (SBN 219270)
nebrahimian@lelawfirm.com
LAVI & EBRAHIMIAN, LLP
8383 Wilshire Blvd., Suite 840
Beverly Hills, California 90211
Tel. (323) 653-0086
Fax:(323) 653-0081

Attorneys for Plaintiff Ramiro Barajas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO BARAJAS, individually and on behalf of other persons similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MENZIES AVIATION, INC.; MENZIES AVIATION (USA), INC.; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 2:10-cv-02315-JEM<br><br>**[PROPOSED]** ORDER:<br><br>1. **CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br>2. **PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br>3. **APPROVING NOTICE TO CLASS; AND**<br>4. **SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT** |

Page 1
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Plaintiff Ramiro Barajas ("Plaintiff") and Defendants Menzies Aviation, Inc. and Menzies Aviation (USA), Inc. ("Defendants") (Plaintiff and Defendants collectively referred to herein as the "Parties") have reached terms of settlement for a putative class action.

The Parties have filed a joint motion for preliminary approval of a class action settlement of the claims asserted against Defendants in this action, memorialized in the Joint Stipulation of Settlement of Class Action and Release ("Settlement Agreement") (*see* Declaration of H. Scott Leviant In Support Of Joint Motion For Preliminary Approval Of Class Action Settlement, at Exh. 1) with attached Exhibits.

The Settlement Agreement between the Parties provides that the Parties stipulate to certification of three Settlement Classes for settlement purposes only. The Settlement Agreement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement unless indicated otherwise.

After reviewing the Stipulation of Settlement, the proposed Notice of Proposed Class Action Settlement ("Notice"), and other related documents, and having heard the argument of Counsel for respective parties, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court preliminarily finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law

or fact common to Class Members predominate over any questions affecting only individual Class Members.

2. The Parties' Settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

3. The Parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to Defendants, and such notice is the best notice practicable. The Parties' proposed Notice (Settlement Agreement, Exh. A), and proposed Claim Form (*id*., Exh. B) are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a payment under the Settlement or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing and are therefore approved.

4. The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

    (a) California Hourly Settlement Class - All individuals employed by Defendants in any non-exempt hourly paid position at Los Angeles International Airport, at any time during the period from February 22, 2006 through November 13, 2010 whose time records and pay records as employees of Defendants reflect payment of both overtime and incentive pay and/or performance bonuses during the same pay period.

    (b) California Former Hourly Settlement Class - All individuals in the California Hourly Class whose employment in California ended at any time during the period from February 22, 2006 through November 13, 2010.

  (c) FLSA Settlement Class – All individuals employed by Defendants any non-exempt hourly paid position at Los Angeles International Airport at any time during the period from February 22, 2006 through November 13, 2010 who received separate incentive and/or performance-based payments in the same pay period they were paid for work for over 40 hours in a week.

5. Class Members will receive a settlement payment only if they submit a timely and valid Claim Form. In accordance with the Settlement Agreement, a Claim Form must be submitted within 60 days after mailing of the Notice by the Claims Administrator.

6. Class Members will be bound by the Settlement unless they submit a timely and proper written request to be excluded from the Settlement within 45 days after mailing of the Notice by the Claims Administrator and in accordance with the terms of the Settlement Agreement.

7. Any Class Member who wishes to comment on or object to the Settlement with respect to any terms of the Settlement, including attorneys' fees and costs, shall have 45 days after mailing of the Notice by the Settlement Administrator to submit his or her comment or objection.

8. Simpluris, Inc. is appointed to act as the Claims Administrator, pursuant to the terms set forth in the Settlement Agreement.

9. Plaintiff Ramiro Barajas is appointed the Class Representative. Dennis F. Moss, H. Scott Leviant and Linh Hua of Spiro Moss LLP and Joseph Lavi of Lavi & Ebrahimian LLP are appointed Class Counsel.

10. Defendants are directed to provide the Claims Administrator not later than 14 days after the date of this Order the information identifying the total number of Included Overtime Hours and dates of employment worked by Class

Members and the names, last known contact information, and social security numbers of Class Members, in accordance with the Settlement Agreement.

11. The Claims Administrator is directed to mail the approved Notice and Claim Form by first-class mail to the Class Members not later than 20 days after receipt of information regarding Class Members from Defendants, in accordance with the Settlement Agreement.

12. A final approval hearing will be held on July 26, 2011 [_____, 2011] to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. At that time, the Court will hear all evidence and arguments necessary to evaluate the Settlement, and will consider Plaintiff's request for the Class Representative Service Award and Class Counsel's request for an award of Attorney's Fees and Costs. Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Class Representative Enhancement Award and Attorney's Fees and Costs, if they so desire, in accordance with the procedures set forth in the Notice.

13. As set forth in the Settlement, any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Service Award and Attorney's Fees and Costs. For any comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice.

///

///

///

14. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

Dated: March 1, 2011            /s/John E. McDermott
                                Hon. JOHN E. MCDERMOTT
                                UNITED STATES
                                MAGISTRATE JUDGE