Dennis F. Moss (State Bar No. 77512)
dennisfmoss@yahoo.com
H. Scott Leviant (State Bar No. 200834)
scott@spiromoss.com
Linh Hua (State Bar No. 247419)
linh@spiromoss.com
**SPIRO MOSS LLP**
11377 W. Olympic Blvd., 5th Floor
Los Angeles, California 90064-1683
Telephone:  (310) 235-2468
Facsimile:   (310) 235-2456

Joseph Lavi, Esq. (SBN 209776)
jlavi@lelawfirm.com
N. Nick Ebrahimian (SBN 219270)
nebrahimian@lelawfirm.com
LAVI & EBRAHIMIAN, LLP
8383 Wilshire Blvd., Suite 840
Beverly Hills, California  90211
Tel. (323) 653-0086
Fax:(323) 653-0081

Attorneys for Plaintiff Ramiro Barajas

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO BARAJAS, individually and on behalf of other persons similarly situated,<br><br>         Plaintiff,<br><br>      vs.<br><br>MENZIES AVIATION, INC.; MENZIES AVIATION (USA), INC.; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 2:10-cv-02315-JEM<br><br>CLASS ACTION<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,  ATTORNEY'S FEES, AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         July 26, 2011<br>Time:        10:00 a.m.<br>Place:       Courtroom 833-C<br><br>Date Action Filed: February 22, 2010<br>Date Removed:   March 30, 2010<br>Trial Date:      None |

SPIRO MOSS LLP

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,
ATTORNEY'S FEES, AND COSTS**

**TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Please take notice that on July 26, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 833-C of the United States Courthouse, located at 312 N. Spring Street, Los Angeles, CA 90012, California, Plaintiff Ramiro Barajas ("Plaintiff") will and hereby does move the Court for an order awarding Class Representative Enhancement, Attorney's Fees, and Costs.

Plaintiff seeks an Order including the following relief:

1. an award of attorneys' fees in the amount of $118,750 from the common fund settlement;

2. an award of attorney costs in the amount of $5,500 from the common fund settlement; and,

3. an award of $7,500 to Plaintiff Ramiro Barajas as a Class Representative Enhancement from the common fund settlement.

Plaintiff's motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of H. Scott Leviant submitted herewith, all other pleadings and papers on file in this action, and any oral argument or other matter that may be considered by the Court.

Dated:  April 26, 2011                    Respectfully submitted,

                                          SPIRO MOSS LLP


                                          By: _____
                                          Dennis F. Moss
                                          H. Scott Leviant
                                          Linh Hua

                                          LAVI & EBRAHIMIAN LLP
                                          Joseph Lavi

                                          Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,
ATTORNEY'S FEES, AND COSTS

SPIRO MOSS LLP

SPIRO MOSS LLP

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... i

TABLE OF AUTHORITIES ............................................................................... iii

I.  INTRODUCTION .......................................................................................1

II.  BACKGROUND ...........................................................................................2

III.  DISCUSSION ...............................................................................................5

    A.  The Legal Standard for Attorneys' Fee Awards .........................................5

    B.  The Fee Award Is Reasonable and Should Receive Final Approval .........7

        1.  Excellent Results Were Achieved on Behalf of the Class ................7

        2.  The Experience, Reputation, and Ability of Class Counsel Weigh in Favor of the Fee Award ...................................................................8

        3.  The Time and Labor Required by the Litigation Justifies the Requested Fee ...................................................................................8

        4.  Class Counsel Was Precluded from Other Employment ..................9

        5.  The Complexity of the Legal and Factual Issues .............................9

        6.  Class Counsel Assumed Significant Risk .......................................10

        7.  The Fee Award is Reasonable Under the Common Fund Doctrine .11

        8.  A Lodestar Analysis Confirms The Reasonableness of The Fee Award ...............................................................................................13

        9.  Important Public Policies Are Advanced by Awarding Reasonable Fees to Skilled Class Counsel .........................................................15

        10. Fees Should Based Upon the Benefit Provided to the Class, Not the Benefits Claimed by the Class ........................................................17

    C.  The Cost Reimbursement Is Reasonable And Should Receive Final Approval ..................................................................................................18

    D.  The Enhancement Payments Are Reasonable and Should Receive Final Approval ..................................................................................................18

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

IV.  CONCLUSION..........................................................................................19

SPIRO MOSS LLP

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

# TABLE OF AUTHORITIES

**FEDERAL DECISIONAL AUTHORITY**

*American Eagle Ins. Co. v. King Resources Co.*,
    556 F.2d 471 (10th Cir. 1977)................................................................. 7

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) .................................... 11

*Central Railroad & Banking v. Pettus*, 113 U.S. 116 (1885) ................................. 12

*Craft v. County of San Bernardino*,
    2008 U.S. Dist. LEXIS 27526 (C.D. Cal. 2008) ........................................... 11, 12

*Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938)........................................ 6

*Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000) .................. 13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..................................... 11

*In re Activision Sec. Litig.*, 723 F. Supp. 1373 (N.D. Cal. 1989) .......................... 11

*In re Heritage Bond Litig.*,
    2005 U.S Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) ................................... 8

*In re Mercury Interactive Corp. Securities Litigation*,
    618 F.3d 988 (9th Cir. 2010)................................................................. 1

*In re Public Serv. Co.*,
    1992 U.S. Dist. LEXIS 16326 (S. D. Cal. July 28, 1992)................................... 9

*In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491 (W.D. Pa. 2003) ........................ 8

*In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294 (3d Cir. 2005) ............................... 13

*In re United Energy Corp. Sec. Litig.*,
    1989 U.S. Dist. LEXIS 19146 (C.D. Cal. Mar. 9, 1989)................................... 18

*Mangold v. Cal. Public Util. Commission*, 67 F.3d 1470 (9th Cir. 1995) ........... 5, 6

*Reynolds v. National Football League*, 584 F.2d 280 (8th Cir. 1978)..................... 7

*Steiner v. American Broadcasting Corp., Inc.*,
    2007 U.S. App. LEXIS 21061 (9th Cir. 2007)................................................ 15

*Trustees v. Greenough*, 105 U.S. 526 (1881) ...................................................... 12

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

*Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995)..... 12, 18

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).......................... passim

*Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir.1999)................. 17

*Williams v. MGM-Pathe Communications Co.*,

    129 F.3d 1026 (9th Cir. 1997)........................................................................ 17

### CALIFORNIA DECISIONAL AUTHORITY

*7-Eleven Owners for Fair Franchising v. Southland Corp.*,

    85 Cal. App. 4th 1135 (2000) ............................................................................ 7

*Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314 (2005) ........................................ 16

*Bihun v. AT&T Information System*, 13 Cal. App. 4th 976 (1993) ........................ 13

*California Grape Etc. League v. Industrial Welfare Com.*,

    268 Cal. App. 2d 692 (1969).......................................................................... 15

*Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43 (2008)............................................. 12

*Cundiff v. Verizon California*, 167 Cal. App. 4th 718 (2008) ............................... 13

*D'Amico v. Board of Medical Examiners*, 11 Cal. 3d 1 (1974).............................. 12

*Daar v. Yellow Cab Co.*, 67 Cal. 2d 695 (1967)..................................................... 16

*Earley v. Superior Court*, 79 Cal. App. 4th 1420 (2000) ...................................... 16

*Flannery v. California Highway Patrol*, 61 Cal. App. 4th 629 (1995).................... 8

*Gentry v. Superior Court*, 42 Cal. 4th 443 (2007).................................................. 16

*Gould v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137 (1995)............. 16

*Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553 (2004)................................... 15

*Ketchum v. Moses*, 24 Cal. 4th 1122 (2001)........................................................... 11

*Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19 (2000) .............12, 13, 18

*Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429 (2000)................................................... 16

*Ramirez v. Yosemite Water, Inc.*, 20 Cal. 4th 785 (1999)....................................... 15

*Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319 (2004).............. 15, 16

*Serrano v. Priest*, 20 Cal. 3d 25 (1977)............................................................ passim

SPIRO MOSS LLP

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,
ATTORNEY'S FEES, AND COSTS**

*Wershba v. Apple Computer*, 91 Cal. App. 4th 224 (2001) ................................. 9, 15

CALIFORNIA STATUTES

Business and Professions Code § 17200 *et seq.* ......................................... 2

Labor Code § 203 ...................................................................................... 2

Labor Code § 226 ...................................................................................... 2

TREATISES

7 Witkin, B.E., CALIFORNIA PROCEDURE (2007 Supp.) §§ 255-261 ....................... 11

Herr, MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.71 (2008) ....................... 6

SPIRO MOSS LLP

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

### MEMORANDUM OF POINTS AND AUTHORITIES

I.  **INTRODUCTION**

This is a putative wage and hour class action on behalf all individuals currently and formerly employed in non-exempt hourly paid positions by Menzies Aviation, Inc. and Menzies Aviation Group (USA), Inc. ("Defendants") at the Los Angeles International Airport.   After the exchange of formal discovery and informal data for a full-day mediation, Plaintiff Ramiro Ramirez ("Plaintiff") and Defendants (Plaintiff and Defendants collectively referred to herein as the "Parties") reached a proposed class action settlement with a $475,000.00 non-reversionary fund.

The Settlement proposes three settlement classes at the Los Angeles International Airport facility that comprise of all hourly-paid individuals, formerly employed hourly-paid individuals, and hourly-paid employees who release claims under the Fair Labor Standards Act. The claims are released on a class-wide basis during the period from February 22, 2006 to November 13, 2010.  Both Parties believe the Settlement to be fair and reasonable, resulting from factual and legal analyses and arms-length negotiations with the assistance of an experienced mediator.

On March 1, 2011, the Court issued an Order conditionally certifying a settlement class, preliminarily approving the proposed settlement, approving notice to the class, and setting the hearing for final approval of the proposed class action settlement.  Pursuant to *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010), Plaintiff made his Motion for an order awarding Class Representative Enhancement, Attorney's Fees, and Costs available on Plaintiff's website for class member review well before the time for submitting objections has expired.

Having been preliminarily approved, the $118,750 fee, the $7,500 enhancement award, and the $5,500 in costs that were all negotiated in connection

PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,
ATTORNEY'S FEES, AND COSTS

1  with the mediation that settled this case against Defendant are within the "range of
2  reasonableness."  All of the relevant factors weigh in favor of final approval of the
3  terms of that settlement, including those payments.  On a percentage or lodestar
4  basis, the fee award sought by this Motion is well within the range of
5  reasonableness and comparable to other approved class action settlements in both
6  California federal and state courts.  So, too, are the other components of the
7  settlement reasonable and worthy of final approval: a $5,500 cost reimbursement
8  for expenses that Class Counsel advanced throughout the litigation and a class
9  member enhancement of $7,500 for a class representative that initiated the action,
10 provided evidence to support class claims, attended the mediation, and remained in
11 frequent contact with Class Counsel throughout the case.

13 **II.    <u>BACKGROUND</u>**

14        Plaintiff filed the putative class action on February 22, 2010 in Los Angeles
15 County Superior Court against Defendants.  (Declaration of H. Scott Leviant
16 ["Leviant Decl"], at ¶ 4.)  The Complaint alleges, on behalf of Plaintiff and all
17 individuals employed in non-exempt hourly-paid positions for Defendants in
18 California, that Defendants (1) failed to pay overtime wages under the FLSA, (2)
19 failed to pay overtime wages in violation of Labor Code §§ 510 and 1194, (3) failed
20 to provide accurate itemized wage statements in alleged violation of Labor Code §
21 226; (4) failed to pay all wages due and owing at the time of termination in alleged
22 violation of Labor Code § 203; and (5) violated the Unfair Competition Law
23 ("UCL") set forth at California Business and Professions Code §§ 17200 *et seq*.
24 (*Id*.)
25        On March 30, 2010, Defendants removed the action to United States District
26 Court for the Central District of California.  (Leviant Decl., ¶ 5.)  Pursuant to Rule
27 26(f), on April 23, 2010, the Parties conducted their conference of counsel and
28 determined that there was a mutual desire for an early mediation.  (*Id*.)  In their

SPIRO MOSS LLP

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,
ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

Joint Rule 26(f) Report, the Parties informed the Court that they had already identified several mediators experienced in the mediation of wage and hour class/representative actions.  (*Id.*)

Despite their mutual desire for early mediation, the Parties proceeded with formal discovery to progress with fact finding.  (Leviant Decl., ¶ 6.)  In May 2010, both Parties served Initial Disclosures.  In July 2010, Plaintiff served notices of depositions certain key witnesses, and Plaintiff also served two sets of interrogatories and one set of requests for production of documents. (*Id.*)

Prior to the mediation, Plaintiff requested class-wide data in order to analyze Plaintiff's class allegations.  (Leviant Decl., ¶ 7.)  As part of the exchange of informal mediation data, Defendants provided class sizes for current and former employees at the Los Angeles International Airport over different time periods to address Plaintiff's wage and penalty claims.  (Leviant Decl., ¶¶ 17, 22.) Defendants provided work week data, the number of full-time equivalent employees, and average hourly rates for individuals employed in non-exempt hourly-paid job positions.  (*Id.*)  Defendants also provided various job titles and the average bonus amounts that were paid to each respective job title.  (*Id.*) Additionally, Plaintiff was also able to analyze Defendants' Employee Handbooks, compensation policies and procedures, and his own time records and pay records to verify Defendants' data and derive extrapolations for a class-wide settlement.  (*Id.*)

The mediation data, combined with discussions between the Parties' counsel, yielded valuable information to the Parties in terms of class certification issues, ultimate liability and the amount of damages in controversy.  (Leviant Decl., ¶ 7.) Accordingly, the Parties are sufficiently familiar with the facts of this case to warrant settlement now and have agreed to this arms-length Settlement preliminarily approved by the Court.

On July 13, 2010, the Parties participated in a full-day private mediation. The Parties selected Michael Loeb, a mediator experienced with wage and hour

1   class/representative mediations.  (Leviant Decl., ¶ 8.)  The Parties did not reach a

2   settlement at the end of that day; however, a mediator's proposal was presented to

3   the Parties.  (*Id*.)  On July 20, 2010, the Parties reached an agreement as to all

4   material terms of the Settlement and, over the following weeks, continued to

5   negotiate a narrowed release and fair allocation of funds to Class Members.  (*Id*.)

6        On August 13, 2010, by stipulation of the Parties, the Court ordered the filing

7   of a First Amended Complaint.  (Leviant Decl., ¶ 9.)  The complaint was amended

8   to narrow the class definition to only those employees at the Los Angeles

9   International Airport and assert claims under the Private Attorneys General Act on

10  behalf of those employees. (*Id*.)

11       The Parties recognize that the issues presented in the Action are likely only

12  to be resolved with extensive and costly pretrial proceedings and that further

13  litigation will cause inconvenience, distraction, disruption, delay and expense

14  disproportionate to the potential benefits of litigation and have taken into account

15  the risk and uncertainty of the outcome inherent in any litigation.  (Leviant Decl., ¶

16  10.)

17       Based on their own independent investigation and evaluation, Class Counsel

18  is of the opinion that the Settlement documented by this Stipulation is fair,

19  reasonable, and adequate, and in the best interest of the Settlement Class in light of

20  all known facts and circumstances, including the risk of significant delay, the risk

21  that the Settlement Class will not be certified by the Court or that it will later be

22  decertified, the defenses asserted by Defendants to the merits and the class action

23  status of this action, the numerous potential appellate issues, and the risk posed by

24  current economic conditions.  (Leviant Decl., ¶ 11.)  Based upon their

25  investigations, Class Counsel determined that the scope of the class originally

26  proposed was overly broad and required revision to conform with discovered facts.

27  The revised class, which focuses on operations at a specific facility impacts a class

28  of approximately 875 individuals.  (*Id*.)

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

1    While Defendants specifically deny any liability in the Action, Defendants

2    agreed to enter into this settlement to avoid the uncertainty, cost and business

3    disruption associated with defending the Action.  (Leviant Decl., ¶ 12.)

4         To the best knowledge of the Parties and their respective counsel, other than

5    this Action, there are no other like claims asserted or filed by Class Members.

6    (Leviant Decl., ¶ 13.)  To the best knowledge of the Parties and their respective

7    counsel, no Class Member has refrained from bringing an action with claims

8    similar to those raised in the Action, whether in reliance on the Action or

9    otherwise, and who thus might be prejudiced by dismissal of the Action.  (*Id*.)

10        Defendants deny that it engaged in any violations of the law in connection

11   with its wage-and-hour practices, and further denies that it has any liability or

12   engaged in wrongdoing of any kind associated with the claims alleged in the Action

13   by Plaintiff or any Class Member.  (Leviant Decl., ¶ 14.)  Defendants contend that

14   it at all times complied with all California wage-and-hour laws in connection with

15   the employment of Plaintiff and the Class Members.

16        On March 1, 2011, the Court issued an Order conditionally certifying a

17   settlement class, preliminarily approving the proposed settlement, approving notice

18   to the class, and setting the hearing for final approval of the proposed class action

19   settlement.  (Leviant Decl., ¶ 9.)

20

21   **III.   DISCUSSION**

22        **A.    The Legal Standard for Attorneys' Fee Awards**

23        As a threshold matter, it must be determined "whether state or federal law

24   controls the method of calculating an attorneys' fee awarded" *Mangold v. Cal.*

25   *Public Util. Commission*, 67 F.3d 1470, 1478 (9th Cir. 1995).  In deciding the

26   present motion, California law controls.

27        When federal courts sit in diversity and are presented with an issue about

28   which there is uncertainty as to whether it concerns "substantive" or "procedural"

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,
ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

law, the Erie Doctrine applies.  *See generally*, *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938) (establishing familiar axiom that federal procedural law and state substantive law are to be applied in federal diversity actions).  It is well-established that the law concerning the assessment and approval of class action attorneys' fees is substantive law.  *Mangold*, 67 F.3d. at 1479 ("The method of calculating a fee is an inherent part of the substantive right to the fee itself, and a state right to an attorneys' fee reflects a substantial policy of the state").  Accordingly, because the law concerning attorneys' fees is substantive law, and because California law provides the underlying rules of decision for the operative allegations, California law governs this fee motion.

California and the Ninth Circuit, and all federal courts, for that matter, use similar criteria to assess a fee request attendant to a motion for final approval, including:[1] (i) the results achieved on behalf of the class; (ii) class counsel's experience, reputation and ability; (iii) the time and labor required by the litigation; (iv) whether class counsel was precluded from other work; (v) the complexity of the litigation; and (vii) the contingent nature of the litigation.  *See Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977); *accord Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002) (identifying similar criteria); *see also* Herr, MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.71 at 524-27 (2008) (survey of federal criteria for approval substantially similar to California criteria).

---

[1] "Neither in *Serrano*[] nor in any other opinion has our Supreme Court carved the factors used in that case into concrete or barred consideration of other relevant and nonduplicative factors."  *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 39 (2000).  "Moreover, two of the factors employed by the trial judge in *Serrano*[] – the fact that the plaintiffs' attorneys received public and charitable funding for the purpose of bringing such lawsuits, and the fact that the monies awarded would not inure to the benefit of individual attorneys but to the organizations that employed them [citation omitted] – would be *inapplicable* in most cases."  *Id.* at n.9.  The instant case is among that majority of cases to which those two exceptionally case-specific criteria don't apply.  However, the remaining *Serrano* factors are applicable here, and tend to be repeated throughout state and federal authorities.

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

**B.**     The Fee Award Is Reasonable and Should Receive Final Approval

     **1.**     **Excellent Results Were Achieved on Behalf of the Class**

The benefit achieved on behalf of class members defines a primary yardstick against which any fee motion is measured.  *See Serrano*, 20 Cal. 3d at 49; *accord Vizcaino*, 290 F.3d at 1048.  While class actions provide substantial external benefits beyond the litigants, and are essentially self-financing, it is the benefit to the class members that is the starting point for evaluating a motion for final approval of attorneys' fees negotiated as part of a class action settlement.

One of the most straightforward measures of a settlement's success from the Plaintiff's perspective is the average amount available to each class member from the settlement fund.  For the approximate 875 members of the class, the average gross recovery is estimated to be $543 per claiming class member.  (Leviant Decl., at ¶ 21.)

How class members respond to a class action settlement is typically addressed in concert with courts' assessments of a settlement's overall benefit to class members.  *See generally*, *Vizcaino*, *supra*.  State and federal courts alike take the measure of a settlement's "fairness" with reference to the class members' reaction, and specifically the extent to which class members object, and through their objections imply a settlement's unfairness.  *See, e.g.*, *7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135, 1152-53 (2000) (only nine objectors from a class of 5454 was an "overwhelmingly positive" fact that supported approval of the settlement); *Reynolds v. National Football League*, 584 F.2d 280 (8th Cir. 1978) (16 objectors out of 5400 strongest evidence of no dissatisfaction with settlement among class members); *American Eagle Ins. Co. v. King Resources Co.*, 556 F.2d 471, 478 (10th Cir. 1977) (only one objector "of striking significance and import").  Here, the Court will receive information about Class Member participation and exclusion rates at the time it determines whether to

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

finally approve the settlement.  This factor cannot be fully discussed by Plaintiff at the time this Motion was prepared.

### 2.   The Experience, Reputation, and Ability of Class Counsel Weigh in Favor of the Fee Award

California law also recognizes the "skill and experience of attorneys" as appropriate criteria for evaluating a fee motion.  *Flannery v. California Highway Patrol*, 61 Cal. App. 4th 629, 647 (1995); *accord In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491 (W.D. Pa. 2003) ("skill and efficiency of counsel" among fee motion criteria); *In re Heritage Bond Litig.*, 2005 U.S Dist. LEXIS 13555 at *64 (C.D. Cal. June 10, 2005) (Considering "the quality of Class Counsel's effort, experience and skill").

Class Counsel has had substantial experience with the causes of action here (Leviant Decl., at ¶¶ 24-28) and has regularly litigated employment law class actions.  Class Counsel also has experience with the process of certifying and resolving overtime bonus calculation class actions like that settled here.  (Leviant Decl., at ¶ 24.)

### 3.   The Time and Labor Required by the Litigation Justifies the Requested Fee

California and federal law also look to the time and labor required in connection with the litigation and settlement of a class action for which final approval is sought.  *See Serrano*, 20 Cal. 3d at 49, *accord Vizcaino*, 290 F.3d at 1048-50.

Through the filing of this Motion, Class Counsel has devoted well over 225 hours of attorney time to this matter.  (Leviant Decl. ¶¶ 32-25.)  This case required substantial firm resources, including:  pre-litigation investigation and research; interviewing Class Members; reading and analyzing documentary evidence

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

1   (including company records and caselaw); engaging in formal and informal

2   discovery; researching the causes of action, particularly those in flux during this

3   litigation; performing legal and factual analyses in preparation for mediation; and

4   drafting the settlement materials and Class Notice.  (Leviant Decl., at ¶ 29.)  The

5   "time and labor" criterion weighs in favor of final approval and an award of the

6   requested fees and other payments.

7

8   **4.    Class Counsel Was Precluded from Other Employment**

9   Another of the criteria for the evaluation of a preliminarily approved fee

10  request is whether the settled litigation resulted in Class Counsel's foregoing other

11  employment.  *Serrano*, 20 Cal. 3d at 49; *accord In re Public Serv. Co.*, 1992 U.S.

12  Dist. LEXIS 16326 at *9 (S. D. Cal. July 28, 1992) (the opportunity cost of being

13  precluded from representing other clients in other cases "weighs in favor of an

14  award of one-third of the common fund").  Here, Class Counsel was precluded

15  from other employment.  (Leviant Decl., at ¶ 29.)  Over the course of the case, no

16  fewer than three attorneys at Spiro Moss litigated this matter and four total

17  attorneys worked on this matter.  During the month leading up to mediation, Dennis

18  F. Moss, H. Scott Leviant and Linh Hua, worked on this matter heavily, precluding

19  their ability to work on other cases. (Leviant Decl., at ¶ 8.)  Class Counsel's

20  preclusion from other employment supports the requested fee award.

21

22  **5.    The Complexity of the Legal and Factual Issues**

23  California law recognizes that the litigation's general complexity and

24  "difficulty of the questions involved, and the skill in presenting them" are properly

25  considered.  *Serrano*, 30 Cal. 3d at 49, *accord Wershba v. Apple Computer*, 91 Cal.

26  App. 4th 224, 245 (2001).

27  Some complexity was also introduced to this litigation.  The size of the class,

28  consisting of well over 870 people, created its own form of complexity.  Discovery

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,
ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

1   regarding location-specific practices required adjustment to the definition and

2   scope of the class.  (Leviant Decl., ¶¶ 6, 9.)  As described above, the "complexity

3   and difficulty" factor also favors final approval of the requested fees, though not as

4   strongly as other factors.  (Leviant Decl., ¶ 30.)

### 6.      Class Counsel Assumed Significant Risk

7          Under California law, the novelty and challenges presented by a class action,

8   as well as the corresponding risk that the class members and class counsel will be

9   paid no recovery or fee, is properly evaluated in connection with a fee motion.  *See*

10  *Serrano*, 20 Cal. 3d at 49; *accord Vizcaino*, 290 F.3d at 1050-51 (multiplier applied

11  to lodestar cross-check reflects risk of non-recovery).[2]

12         Ninth Circuit and California state courts regard circumstances in which class

13  counsel's work is wholly contingent as a factor weighing in favor of approving a

14  negotiated fee award that approximates market rates:

15         A contingent fee must be higher than a fee for the same legal services

16         paid as they are performed.  The contingent fee compensates the

17         lawyer not only for the legal services he renders but for the loan of

18         those services.  The implicit interest rate on such a loan is higher

19         because the risk of default (the loss of the case, which cancels the debt

20         of the client to the lawyer) is much higher than that of conventional

21         loans.  A lawyer who bears both the risk of not being paid and

22         provides legal services is not receiving the fair market value of his

_____

24         [2] Indeed, so pervasive is the risk criterion, comprising as it does a case's
basic demands and challenges, that the cross-check multiplier is referred to as the
25  "risk multiplier."  *Vizcaino* at 1051.  "This mirrors the established practice in the
private legal market of rewarding attorneys for taking the risk of nonpayment by
26  paying them a premium over their normal hourly rates for winning contingency
cases."  *Id.* (quoting *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291,
27  1299 (9th Cir. 1994).  *And see In re Chiron Corp. Sec. Litig.*, 2007 U.S Dist.
LEXIS 91140 at *24 (N.D. Cal.  2007) (C.D. Cal. April 1, 2008) (noting instability
28  in relevant law as valid consideration in percentage fee award analysis).

SPIRO MOSS LLP

work if he is paid only for the second of these functions.  If he is paid
no more, competent counsel will be reluctant to accept fee award
cases.

*Ketchum v. Moses*, 24 Cal. 4th 1122, 1132-33 (2001).  *And see, e.g., Craft v.
County of San Bernardino*, 2008 U.S. Dist. LEXIS 27526 at *14 (C.D. Cal. Apr. 1,
2008) ("In addition to the risk of establishing liability, class certification carries
risks and requires experienced class counsel").

As discussed above, the major cause of action in this matter – for regular rate
calculation errors – presented substantial risk for Class Counsel if the bonus
payments at issue were not found to be performance-based bonuses.  Class Counsel
nevertheless faced that risk.  Ultimately, an exceptional result was obtained for
Class Members.

**7.    The Fee Award is Reasonable Under the Common Fund
Doctrine**

Courts in the Ninth Circuit and California have increasingly embraced the
"percentage method" rather than the lodestar approach when awarding attorneys'
fees in a common fund settlement.  *See* 7 Witkin, B.E., CALIFORNIA PROCEDURE
(2007 Supp.) §§ 255-261 at 236-241 (describing pre-eminence of percentage
method under California law); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478
(1980) ("[A] litigant or a lawyer who recovers a common fund for the benefit of
persons other than himself or his client is entitled to a reasonable attorney's fee
from the fund as a whole"); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78
(N.D. Cal. 1989) (Patel, J.) (endorsing percentage method).  *See generally*,
*Serrano*, 20 Cal. 3d at 25; *accord Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th
Cir. 1998).

The California Supreme Court has consistently held that "when a number of
persons are entitled in common to a specific fund, and an action brought by a

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,
ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

plaintiff or plaintiffs for the benefit of all results in the creation or preservation of that fund, such plaintiff or plaintiffs may be awarded attorneys' fees out of the fund." *Serrano* at 34 (quoting *D'Amico v. Board of Medical Examiners*, 11 Cal. 3d 1 (1974)).[3] Common fund fee awards are desirable because they most accurately align incentives with outcomes. "Courts agree that because the percentage-of-the-benefit approach 'is result-oriented rather than process-oriented, it better approximates the workings of the marketplace' than the lodestar approach." *Lealao*, 82 Cal. App. 4th at 48 (citations omitted).

California law has no set fee "benchmark" with respect to its common benefit percentage analysis.[4] Although the Ninth Circuit's 25 percent "benchmark" analysis is not applicable here as state law controls, the requested fee award is nevertheless appropriate using this standard. In awarding percentages of the class fund, courts in the Ninth Circuit frequently take into account the size of the fund. *Craft v. County of San Bernardino*, 2008 U.S. Dist. LEXIS 27526 (Apr. 1, 2008 C.D. Cal.) Often, but not always, fees of less than 25 percent will be awarded in "megafund" cases (cases of $50 million or more). *Id.* Cases settling for less than $10 million, as here, will typically result in fees above 25 percent. *Id.*

California recognizes that the custom and practice in class actions is to award approximately one-third of a fund as a fee award. *See Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66, n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around ***one-third*** of the recovery.") (emphasis added). However, Plaintiff in this case requests *less than* the customary one-third of the fund that is often awarded in California. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp.

---

[3] The common fund doctrine has long been a part of North American jurisprudence. *See, e.g., Trustees v. Greenough*, 105 U.S. 526 (1881); *Central Railroad & Banking v. Pettus*, 113 U.S. 116 (1885).

[4] *See generally, Serrano*, 20 Cal. 3d 25; *Lealao*, 82 Cal. App. 4th 19.

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

294, 297-98 (N.D. Cal. 1995)  "[m]ost of the cases Class Counsel have cited in which high percentages such as 30-50 percent of the fund were awarded involved relatively smaller funds of less than $10 million").  Plaintiff requests that 25% of the fund be award to Class Counsel for achieving these results for the Class.

In any event, the Settlement Fund obtained through the efforts of Plaintiff's counsel is $475,000.  Adhering to the benchmark established by the Ninth Circuit, Plaintiff's counsel has agreed to accept no more than $118,750 in fees.  (Leviant Decl., ¶ 15(h).)  But perhaps most importantly, the proposed attorneys' fees were disclosed to the Class Members in the Notice issued to Class Members.  (Leviant Decl., at ¶ 9.)

### 8.   A Lodestar Analysis Confirms The Reasonableness of The Fee Award

Despite the widely recognized limitations of the so-called "lodestar" method, California and federal courts recognize the utility of a lodestar "cross-check." *Lealao*, 82 Cal. App. 4th at 46.  A lodestar "cross-check" analysis typically happens in three steps. *Cundiff v. Verizon California*, 167 Cal. App. 4th 718 (2008), *accord Vizcaino*, 290 F.3d at 1047.[5]  First, a trial court must determine a baseline guide or "lodestar" figure based on the time spent and reasonable hourly compensation for each attorney involved in the case. *Serrano* at 48.  Second, the court sets a reasonable hourly fee to apply to the time expended, with reference to the prevailing rates in the geographical area in which the action is pending. *Bihun v. AT&T Information System*, 13 Cal. App. 4th 976, 997 (1993) (16 years ago,

---

[5]In contrast to the use of the lodestar method as a primary tool for setting a fee award, the lodestar cross-check can be performed with a less exhaustive cataloging and review of counsel's hours. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306 (3d Cir. 2005) ("The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting."); *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) ("Of course, where [the lodestar method is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized.").

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

SPIRO MOSS LLP

affirming a $450 per hour rate for a Southern California litigation attorney).

Finally, a "multiplier" of the base lodestar is set with reference to the factors described in detail throughout this brief.[6]  Across all jurisdictions, multipliers of up to four are frequently awarded in common fund cases.  NEWBERG, §14.03 at 14.  Often, multipliers of greater than four are warranted.[7]

Here, Class Counsel has billed over 225 hours, at rates commensurate with experience and the prevailing rates among defense and plaintiffs' firms that regularly litigate wage and hour class actions. (Leviant Decl., ¶¶ 29-36.)

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Dennis F. Moss | 15 | $700 | $10,500.00 |
| H. Scott Leviant | 67.3 | $550 | $37,015.00 |
| H. Scott Leviant (est.) | 25 | $550 | $13,750.00 |
| Linh Hua | 64.7 | $400 | $25,880.00 |
| Joseph Lavi | 85 | $500 | $42,500.00 |
|  |  | **Total:** | **$129,645.00** |

Multiplying the attorney hours by the respective hourly rates listed above yields the total lodestar figure of $129,645.00.  The figures for estimated ("est.") time above reflect the best estimates of Class Counsel, based on their experience and the settlement class size, for the time that will be expended by Class Counsel between the filing of this motion and the hearing of Plaintiff's Motion for Final Approval.  This lodestar figure exceeds the requested fee, imposing a "negative" multiplier (a multiplier less than 1, but not a negative number in the mathematical sense).

---

[6] Those factors include the novelty and difficulty of issues involved, and thus the risk factor; the skill displayed in presenting the issues; whether the litigation precluded other employment; and the contingent nature of the fee award.  *Serrano* at 49.

[7] *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (Table of Percentage-Based Attorneys' Fee Awards in Common Fund Cases summarizing survey of lodestar multipliers).

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

California and Federal courts alike commonly adjust basic lodestar rates to reflect the fair market value of the attorney's services. *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 579 (2004); *and see Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) (under California law, multipliers typically range from 2 to 4); *accord Vizcaino* (3.65 multiplier), *but see*, *e.g.*, *Steiner v. American Broadcasting Corp., Inc.*, 2007 U.S. App. LEXIS 21061 (9th Cir. 2007) (affirming 6.85 multiplier); *Wilson v. Bank of Am Natl. Trust & Savs. Assn.*, No. 643872 (Cal. Sup. Ct. Aug. 16, 1982) (multiplier of 10); *Glendora Comm. Redev. Agency v. Demeter*, 155 Cal. App. 3d 456, 465 (1984) (affirming multiplier of 12, and expressly rejecting argument that fee was either exorbitant or unconscionable).

Here, the negative multiplier of about 0.9 needed to align the negotiated fee award with the attorney hours expended is considerably less than those higher multipliers that have been approved under California law. Accordingly, the lodestar cross-check affirms that the fee award that has been preliminarily approved does in fact fall within the range of reasonableness.

### 9. Important Public Policies Are Advanced by Awarding Reasonable Fees to Skilled Class Counsel

Wage and hours laws "concern not only the health and welfare of the workers themselves, but also the public health and general welfare." *California Grape Etc. League v. Industrial Welfare Com.*, 268 Cal. App. 2d 692, 703 (1969). California's overtime laws "are to be construed so as to promote employee protection." *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 340 (2004) (*citing Ramirez v. Yosemite Water, Inc.*, 20 Cal. 4th 785, 794 (1999)).[8] Moreover, the Legislature's decision to criminalize certain employer conduct

---

[8] Mr. Dennis Moss, a partner at Spiro Moss LLP, was responsible for the exceptional result in *Ramirez*. Mr. Moss and Mr. Spiro contributed amicus briefing in the *Sav-on* matter.

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

reflects a determination that the conduct affects a broad public interest.  For example, under Labor Code section 1199 it is a crime for an employer to fail to pay overtime wages.  *Gould v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137, 1148 (1995).  In short, "California's labor statutes reflect a strong public policy in favor of full payment of wages for all hours worked."  *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 324 (2005); *accord*, *Earley v. Superior Court*, 79 Cal. App. 4th 1420, 1430 (2000) (enforcement of wage laws reflects broad public interest).

Courts have also long acknowledged the importance of class actions as a means to prevent a failure of justice in our judicial system.  *Linder v. Thrifty Oil Co*., 23 Cal. 4th 429, 434-435 (2000) (citing *Daar v. Yellow Cab Co.*, 67 Cal. 2d 695, 703-704 (1967)).  The California Supreme Court has unwaveringly endorsed private enforcement of California's wage and hour laws through class actions:

> Labor Code section 1194 confirms 'a clear public policy . . . that is specifically directed at the enforcement of California's minimum wage and overtime laws for the benefit of workers.'"  [citing *Sav-On*, 34 Cal. 4th at 340]  Although overtime and minimum wage laws may at times be enforced by the Department of Labor Standards Enforcement (DLSE), it is the clear intent of the Legislature in section 1194 that minimum wage and overtime laws should be enforced in part by private action brought by aggrieved employees. [citation omitted]

*Gentry v. Superior Court*, 42 Cal. 4th 443, 455-56 (2007).

As a practical matter, therefore, privately initiated class actions are the sole mechanism for enforcement of California's labor code derived worker protections.  And, now, over 870 current and former Menzies employees have been given the opportunity to claim cash payments upon the final approval of this settlement.  Those who become class members in future actions will also benefit, so long as their case is taken on by able attorneys that, despite the risks, have a reasonable opportunity to receive full compensation for their time expended and risks taken.

SPIRO MOSS LLP

SPIRO MOSS LLP

10.    **Fees Should Based Upon the Benefit Provided to the Class, Not the Benefits Claimed by the Class**

In 1980, the United States Supreme Court declared that the availability of a benefit, whether or not claimed, is still a benefit created through the efforts of class counsel and the class representatives:

> To claim their logically ascertainable shares of the judgment fund, absentee class members need prove only their membership in the injured class. Their right to share the harvest of the lawsuit upon proof of their identity, whether or not they exercise it, is a benefit in the fund created by the efforts of the class representatives and their counsel.

*Boeing*, 444 U.S. at 480.  Since *Boeing*, appellate courts have repeatedly applied the *Boeing* formulation and found reversible error where trial courts failed to do so. For example, the Ninth Circuit said:

> In *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480-81, 100 S.Ct. 745, 750-51, 62 L.Ed.2d 676 (1980), the Court concluded that the attorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class members make no claims against the fund so that money remains in it that otherwise would be returned to the defendants. In *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990), we held likewise, and indicated that our benchmark for an attorneys' fee award in a successful class action is twenty-five percent of the entire common fund.

*Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) [attorney fee award should have been based on a total recovery fund of $4.5 million, even though only $10,000 in claims were submitted]; *see also*, *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295 (11th Cir.1999).  Thus, if fewer

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**

1    than all Class Members claim their shares in this matter, the Court should

2    nevertheless apply *Boeing* and evaluate the requested fee against the total amount

3    of funds made available to the Class Members and not the amount claimed by

4    them.

5

6    **C.    The Cost Reimbursement Is Reasonable And Should Receive Final**

7    **Approval**

8          The leading California attorneys' fee cases also confirm that class action

9    counsel are entitled to a cost reimbursement.  *Serrano*, 20 Cal. 3d at 25; *Lealao*, 82

10   Cal. App 4th at 48.

11         Class counsel's costs and expenses for this matter exceeded $5,500.  (Leviant

12   Decl., ¶ 38.)  These are costs precisely of the sort that are reimbursable in

13   conjunction with a fee application.  *In re United Energy Corp. Sec. Litig.*, 1989

14   U.S. Dist. LEXIS 19146 *16 (C.D. Cal. Mar. 9, 1989).  Accordingly, because the

15   total costs slightly exceed the negotiated $5,500 cap, final approval of the cost

16   reimbursement is requested in that maximum amount of $5,500.

17

18   **D.    The Enhancement Payments Are Reasonable and Should Receive**

19   **Final Approval**

20         It is customary and appropriate to provide a payment to the named Plaintiff

21   for services to the class as Class Representative.  *Van Vranken v. Atlantic Richfield*

22   *Co.*, 901 F. Supp. 294 (N.D. Cal. 1995).  Here, the Named Plaintiff and, upon

23   preliminary approval having been granted, the Class Representative, Ramiro

24   Barajas, spent considerable time and effort in the prosecution of this action,

25   including providing evidence at the outset of the case, attending the mediation

26   session, assisting with preparations for mediation, providing documents, analyzing

27   data, identifying witnesses, and consulting with Class Counsel.  (Leviant Decl. ¶

28   23.)  Plaintiff has served effectively throughout the duration of his role as Class

SPIRO MOSS LLP

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT,**
**ATTORNEY'S FEES, AND COSTS**

Representative.  (Leviant Decl. ¶ 23.)  As a direct result of Plaintiff's efforts, over 870 Class Members have been provided a chance to benefit.  (Leviant Decl., ¶¶ 21-23.)  Class Counsel, therefore, fully supports the negotiated service payment of $7,500 as being fair, reasonable, and appropriate.  (Leviant Decl. ¶ 23.)

Notably, the requested amount is only slightly more than the baseline amount presumed reasonable by District Courts in California.  *Faigman v. AT & T Mobility LLC*, C-06-04622-MHP, 2011 WL 672648, at *5 (N.D. Cal. Feb. 16, 2011) ("In this district, incentive payments of $5,000 are presumptively reasonable."), citing *Hopkins v. Hanesbrands, Inc*., No 08-0844, 2009 WL 928133, at *10 (N.D.Cal. Apr.3 2009) (LaPorte M.J.).  Here, the good result supports the slightly increased and unopposed enhancement award of $7,500.

## IV.   **CONCLUSION**

For all the reasons set forth, Plaintiff and Class Counsel respectfully request final approval of the requested attorneys' fees, costs, and class member enhancement award.

Dated: April 26, 2011                    Respectfully submitted,

                                                     SPIRO MOSS LLP


                                         By: _____
                                                     Dennis F. Moss
                                                     H. Scott Leviant
                                                     Linh Hua

                                                     LAVI & EBRAHIMIAN LLP
                                                     Joseph Lavi

                                                     Attorneys for Plaintiff

SPIRO MOSS LLP

**PLAINTIFF'S MOTION FOR AWARD OF CLASS REPRESENTATIVE ENHANCEMENT, ATTORNEY'S FEES, AND COSTS**